# EXHIBIT 1

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/06/2025 3:50 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Gnade, Deputy Clerk

1  Kirk D. Hanson, State Bar No. 167920
   LAW OFFICE OF KIRK D. HANSON
2  1050 Rosecrans Street, Ste. H
3  San Diego, California 92106
   Tel. (619) 807-5982
4  Email: hansonlaw@cox.net

5  Attorney for Plaintiff William McMillan

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,

COUNTY OF LOS ANGELES

| | |
|---|---|
| WILLIAM MCMILLAN, individually, and on behalf of all others similarly situated, | Case No.: 25STCV32552 |
| Plaintiff, | **VERIFIED CLASS ACTION COMPLAINT** |
| v. | Illegal Wage Statements (L.C. §226) |
| DELTA AIR LINES, INC., and Does 1 through 25, inclusive, | |
| Defendants. | |

Plaintiff, WILLIAM MCMILLAN ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

I.  **INTRODUCTION & GENERAL ALLEGATIONS**

1.  Plaintiff brings this action against DELTA AIR LINES, INC., and DOES 1 through 25 (hereinafter also collectively referred to as "Defendants" or "DELTA") alleging California Labor Code §226(a) violations.

2.  DELTA is a national and international air carrier and conducts business throughout the United States, including the State of California. Plaintiff is a former DELTA pilot who was paid on an hourly basis for flight time. Plaintiff was home-based at Los Angeles International Airport ("LAX") during the relevant timeframes when he was employed by DELTA as a pilot.

1
VERIFIED CLASS ACTION COMPLAINT

3. DELTA pays its pilots on a semi-monthly basis, and at the time wages are paid, DELTA also issues a wage statement to its pilots that is labeled "Pay Statement." Attached to this Complaint collectively as Exhibit "A" are true and correct copies of the Pay Statements DELTA issued to Plaintiff for June of 2025. Plaintiff's Pay Statements attached hereto collectively as Exhibit "A" are examples of the format of the Pay Statements that DELTA issues to all of its pilots at the time wages are paid.

4. DELTA's pilots are paid an hourly rate for all flights during which they are in the cockpit flying the aircraft and are also paid an hourly rate for all flights on which they travel as a passenger in order to reach the airport from which they will be in the cockpit flying an aircraft. The applicable hourly rate paid to DELTA's pilots for these flights varies depending on such factors as the pilot's status (e.g., Captain or First Officer), the pilot's length of service, the model type of the aircraft flown, and the type of flight (e.g., domestic, international, and/or whether the flight involves an ocean crossing, etc.).

5. The exemplar pilot Pay Statements attached hereto as Exhibit "A," have placeholder items and columns labeled "Base Hourly Rate," "Rate," and "Hours," but these items and columns are blank and contain no information. Thus, DELTA's pilots cannot quickly and easily determine (or determine at all) from their Pay Statements: (1) the total hours they worked in the pay period; (2) the applicable hourly rate(s) they were paid in the pay period; or (3) the corresponding number of hours they worked at each hourly rate in the pay period.

6. This lawsuit *does not* challenge DELTA's calculation of the hourly rates it pays to its pilots each pay period nor does this lawsuit challenge DELTA's calculation of the hours worked by the pilots in each pay period for purposes of calculating the wages to be paid. Instead, this lawsuit alleges that the wage statements DELTA provides to its pilots each time wages are paid violate California Labor Code section 226, subdivisions (a)(2) and (a)(9), because the wage statements do not show the total hours worked by the pilot in the pay period, do not show the applicable hourly rates paid to the pilot in the pay period, and do not show the number of hours worked by the pilot at each applicable hourly rate in the pay period.

7. The failure of DELTA's wage statements (e.g., the Pay Statements) to show the total hours worked in the pay period, the applicable hourly rates paid in the pay period, and the number of hours worked at each applicable hourly rate in the pay period, is knowing and intentional in that DELTA is aware of the fact that the Pay Statements do not show this information. DELTA's pilots are injured by DELTA's failure to include this information on the wage statements (e.g., the Pay Statements) because the pilots cannot quickly and easily determine from their wage statements (e.g., the Pay Statements) the total hours worked in the pay period, the applicable hourly rates paid in the pay period, or the number of hours worked at each applicable hourly rate in the pay period.

8. Plaintiff brings this lawsuit against Defendants on behalf of himself and all other current and former pilots of Defendants who are/were home-based at airports in California from one year before the filing of this Complaint up through the time of the final judgment in this action (e.g., the "Class Period"). Plaintiff seeks on behalf of himself and all other similarly situated DELTA pilots, penalties, attorney's fees, and costs pursuant to California Labor Code section 226 and any other applicable law.

## II. JURISDICTION

9. This Court has jurisdiction over Plaintiff's and the Class Members' claims for relief under Labor Code § 226 because Plaintiff and the Class Members are all current or former DELTA pilots whose principal place of work was/is in California, that is, they either worked a majority of their time in California during the Class Period or part of the Class Period or they were home-based for work purposes at California airports during the Class Period or part of the Class Period.

## III. VENUE

10. Venue as to each Defendant is proper in this court, pursuant to Code of Civil Procedures § 395(a), as each Defendant maintains offices, transacts business, is headquartered, and/or has an agent in Los Angeles County, and each Defendant is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within Los

Angeles County. Defendants employ the Class Members who are based for work purposes in Los Angeles County at LAX and other airports in California.

### IV. PARTIES

**Plaintiff**

11. Plaintiff and Class Representative WILLIAM MCMILLAN was employed by Defendants as a pilot, and was home-based at LAX from May of 2008 until he retired on September 1, 2025. Plaintiff was the rank of Captain at the time of his retirement.

**Defendants**

12. Plaintiff is informed and believes, and based thereon alleges, that DELTA AIR LINES, INC., and DOES 1 through 25 are the employer of Plaintiff and the Class Members, and that Plaintiff and the Class Members were home-based for work purposes at California airports during the applicable Class Period and applicable statutory periods.

13. Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through 25, inclusive, but on information and belief alleges that those Defendants are legally responsible for the payment of statutory penalties to Plaintiff and the Class Members by virtue of Defendants' unlawful actions and practices and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

14. Plaintiff is informed and believes, and based thereon alleges that the Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. On information and belief, a unity of interest and ownership between each Defendant exists such that all Defendants acted as a single employer of Plaintiff and the Class Members.

///
///
///

V. **CLASS ACTION ALLEGATIONS**

15. Plaintiff hereby incorporates by reference Paragraphs 1 through 14 above as though fully set forth herein.

16. Plaintiff brings this action on behalf of himself and all others similarly situated, as a class action pursuant to Code of Civil Procedure §382. The Class that Plaintiff seeks to represent is defined as follows:

> All current and former Delta Air Lines, Inc. pilots whose Principal Place of Work was/is in California at any time from [*insert the date one year before the filing of the Complaint*] up to the time of the final judgment in this lawsuit. "Principal Place of Work" means the Delta pilot either works/worked the majority of his or her time in California or does not work the majority of his or her time in any single state, but is home-based for work purposes at a California airport such that California serves as the physical location where the pilot presents himself or herself to begin work.

17. Class Representative Plaintiff McMillan is a member of the class he seeks to represent in that he was a DELTA pilot who was home-based at LAX in the Class Period.

18. From one year before the filing of the Complaint, and up through the present, the Class Members were employed by Defendants as hourly, non-exempt employees, and had their principal place of work in California for time during the Class Period. DELTA issued wage statements to the Class Members each time wages were paid that are in the same format as the Pay Statements attached hereto collectively as Exhibit "A."

19. This action has been brought and may properly be maintained as a class action under Code of Civil Procedure §382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable from Defendants' personnel and payroll records.

20. **Numerosity.** The potential members of the class as defined are so numerous that a joinder of all Class Members is impracticable. While the precise number of Class Members has not yet been determined, Plaintiff is informed and believes that there is in excess of 1,300 Class Member pilots.

21. **Commonality.** There are questions of law and fact common to the Class Members which predominate over any questions affecting only individual Class Members, including without limitation, whether, as alleged herein, Defendants have:

    1. Provided the Class Members with wage statements that fail to list the total hours worked during the pay period, in violation of Labor Code §226(a)(2);

    2. Provided the Class Members with wage statements that fail to list all applicable hourly rates in effect during the pay period, in violation of Labor Code §226(a)(9); and

    3. Provided the Class Members with wage statements that fail to list the corresponding number of hours worked at each applicable hourly rate during the pay period, in violation of Labor Code §226(a)(9).

22. **Typicality.** The Class Representative MCMILLAN's claims are typical of the claims of the other Class Members. Class Representative Plaintiff MCMILLAN was subjected to the same violations of his rights under California law and seeks the same type of penalties, and other relief on the same theories and legal grounds as the members of the class he seeks to represent.

23. **Adequacy of Representation.** Class Representative Plaintiff MCMILLAN will fairly and adequately represent and protect the interests of the Class Members. Plaintiff's interests are not in conflict with those of the Class Members. Class Representative's counsel is competent and experienced in litigating large employment class actions and other complex litigation matters, including cases like this case.

24. **Superiority of Class Action.** Class certification is appropriate here because a class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

///

# FIRST CAUSE OF ACTION

## ILLEGAL WAGE STATEMENTS

### (Cal. Lab. C. §226)

25. Plaintiff hereby incorporates by reference Paragraphs 1 through 24 above as though fully set forth herein.

26. California Labor Code §226(a) requires the employer, at the time of each payment of wages, to provide its employees with an accurate written statement that lists, among other things, total hours worked by the employee in the pay period, all applicable hourly rates paid to the employee during the pay period, and the corresponding number of hours worked by the employee at each applicable hourly rate in the pay period. L.C. §226, subds. (a)(2) and (a)(9). Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide an accurate statement itemizing, among other things, total hours worked by the employee in the pay period, all applicable hourly rates paid to the employee in the pay period, and the corresponding number of hours worked by the employee at each applicable hourly rate in the pay period, then the employee is entitled to recover penalties in the amount of fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation up to four thousand dollars ($4,000), plus attorney's fees and costs.

27. The wage statements (e.g., the exemplar "Pay Statements" attached to this Complaint collectively as Exhibit "A") that Defendants provide to the pilots who fall under the Class Member definition in paragraph 16 above, fail to list the total hours worked in the pay period, fail to list all applicable hourly rates in effect during the pay period, and fail to list the corresponding number of hours worked at each applicable hourly rate during the pay period.

28. Because the wage statements (the "Pay Statements") described above in paragraph 27 fail to list the specified information, a reasonable person cannot promptly and easily determine from the wage statement alone the total hours worked in the pay period, the applicable hourly rates in effect during the pay period, or the corresponding number of hours worked at each applicable hourly rate in the pay period.

29.     Defendants are aware of and approve of the format of the wage statements (e.g., the exemplar "Pay Statements" attached to this Complaint collectively as Exhibit "A") they provide to the pilots who fall under the Class Member definition in paragraph 16 above.

30.     Based upon the foregoing, Plaintiff alleges that Defendants' wage statements violate Labor Code section 226, subdivisions (a)(2) and (a)(9), and thus, Defendants are liable to Plaintiff and each Class Member for the penalties provided by Labor Code §226(e), plus costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants, jointly and severally as follows:

1. That the First Cause of Action be certified as a class action;
2. That Plaintiff be appointed as the Class Representative;
3. That counsel for Plaintiff be appointed Class Counsel;
4. For all applicable statutory penalties under the First Cause of Action provided for under Labor Code §226(e);
5. For reasonable attorney's fees and costs as provided for under subdivision (e) of Labor Code §226, and/or for reasonable attorney's fees to be awarded under the Common Fund Doctrine and/or under any other applicable theory of recovery; and
6. For such other relief as the Court deems just and proper.

Dated: November 5, 2025

Law Office of Kirk D. Hanson

Kirk D. Hanson
Attorney for Plaintiff
WILLIAM MCMILLAN

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action.

Dated: November 5, 2025

Law Office of Kirk D. Hanson

*/s/ Kirk D. Hanson*
Kirk D. Hanson
Attorney for Plaintiff
WILLIAM MCMILLAN

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I, William McMillan, have read the foregoing VERIFIED CLASS ACTION COMPLAINT and know its contents. I am a party to this action. The matters stated in the foregoing VERIFIED CLASS ACTION COMPLAINT are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I am informed and believe that they are true.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on October 31, 2025, at Brea, California.

_William McMillan_
William McMillan

EXHIBIT "A"

## Pay Statement

| | | | | |
|---|---|---|---|---|
| Name: | WILLIAM MC MILLAN | Base Hourly Rate: | Period Begin: | 06/01/2025 |
| Emp ID: | | Pay Frequency: Semi-Monthly | Period End: | 06/15/2025 |
| PA / PSA: | 1067 / 0310 | Wkly Scheduled Hrs: | Check Date: | 06/13/2025 |
| Title: | Captain B767_ER | Non-Exempt | | |

### Payment Summary

| Payment Summary: | Current | YTD |
|---|---|---|
| Cash Earnings | $23,301.89 | $230,545.37 |
| Deductions | ($2,979.00) | ($37,170.83) |
| Taxes | ($8,080.50) | ($85,329.29) |
| Net Pay | $12,242.39 | $108,045.25 |

### Net Pay

| Net Pay Distribution: | | |
|---|---|---|
| SchoolsFirst Federal Cred *** | | $12,242.39 |
| Total Net Pay | | $12,242.39 |

### Company Contributions

| Description | Current | YTD |
|---|---|---|
| Company 401(k) Fixed | $3,779.32 | $37,591.61 |
| Total | $3,779.32 | $37,591.61 |

### Time-off Balances

| Time-off Description | Balance |
|---|---|

### Time-off Used

| Time-off Description | Current Used |
|---|---|

### Wage Earnings

| Description | Period | Rate | Hours | Current | YTD |
|---|---|---|---|---|---|
| CA SDI Refund | 06/01/2025 - 06/15/2025 | | | | $281.34 |
| Flt Pay/Pilot | 06/01/2025 - 06/15/2025 | | | $22,231.31 | |
| Layover Meals | | | | $435.00 | |
| DPMA Pay Gross | | | | $56.82 | |
| DPMA Excess Gross | | | | $290.72 | |
| CA SDI Payment Taxes | | | | $6.70 | |
| Shared Rewards | | | | | $275.00 |
| Profit Sharing | | | | | $29,784.09 |
| CA SDI Refund | | | | | $2,820.88 |
| Flt Pay/Pilot | | | | | $120,740.20 |
| Flight Advance/Pilot | | | | | $70,327.79 |
| Miscellaneous (non-tax) | | | | | $298.00 |
| Layover Meals | | | | | $2,595.81 |
| TAFB-Non-Layover | | | | | $21.18 |
| DPMA Pay Gross | | | | | $565.03 |
| DPMA Excess Gross | | | | | $2,891.68 |
| CA SDI Payment Taxes | | | | | $225.71 |
| Total | | | | $23,301.89 | $230,545.37 |

### Non-Wage Earnings / Imputed Income

| Description | Period | Current | YTD |
|---|---|---|---|
| CA SDI Payment | 06/01/2025 - 06/15/2025 | | |
| Basic Life Imputed Income | 06/01/2025 - 06/15/2025 | $182.03 | |
| CA SDI Payment | | $706.76 | |
| NonRevenue Travel | | | $2,696.40 |
| Basic Life Imputed Income | | | $89.88 |
| | | | $7,774.36 |
| Total | | $888.79 | $10,560.64 |

### Deductions

| Description | Current | YTD |
|---|---|---|
| * Dental | $22.50 | $247.50 |
| * Vision | $6.39 | $70.29 |

### Taxes

| Tax Authority | Tax Type | Status | Additional Withholding | Current Tax | Current Taxable | YTD Tax | YTD Taxable |
|---|---|---|---|---|---|---|---|
| Federal | Withholding Tax | | | $4,976.50 | $23,445.45 | $46,112.45 | $235,073.53 |
| Federal | Social Security Tax | | | | | $10,918.20 | $176,100.00 |
| Federal | Medicare Tax | | | $550.97 | $23,445.45 | $3,724.23 | $235,073.53 |
| California | Withholding Tax | Single | | $2,271.69 | $23,445.45 | $21,753.53 | $235,073.53 |
| California | Disability Tax | | | $281.34 | $23,445.45 | $2,820.88 | $235,073.53 |
| Total | | | | $8,080.50 | | $85,329.29 | |

### Messages

**△ DELTA** Delta Air Lines, Inc.
1030 Delta Blvd. Dept 982
Atlanta, GA 30354
Questions? Call Employee Service Center
1 800-693-3582

## Pay Statement

| | |
|---|---|
| Name: | WILLIAM MC MILLAN |
| Emp ID: | |
| PA / PSA: | 1067 / 0310 |
| Title: | Captain B767_ER |

| | |
|---|---|
| Base Hourly Rate: | |
| Pay Frequency: | Semi-Monthly |
| Wkly Scheduled Hrs: | Non-Exempt |

| | |
|---|---|
| Period Begin: | 06/01/2025 |
| Period End: | 06/15/2025 |
| Check Date: | 06/13/2025 |

### Deductions

| Description | Current | YTD |
|---|---|---|
| ROTH401 | $2,223.13 | $22,112.71 |
| ROTH401 Catchup | | $7,500.00 |
| Group Accident | $8.90 | $97.90 |
| Delta Pilots Mutual Aid | $117.83 | $1,171.97 |
| ALPA Dues | $411.28 | $4,090.87 |
| DPMA Excess | $188.97 | $1,879.59 |
| **Total** | $2,979.00 | $37,170.83 |

## Pay Statement

| | | | |
|---|---|---|---|
| Name: WILLIAM MC MILLAN | Base Hourly Rate: | | Period Begin: 06/16/2025 |
| Emp ID: | Pay Frequency: Semi-Monthly | | Period End: 06/30/2025 |
| PA / PSA: 1067 / 0310 | Wkly Scheduled Hrs: | | Check Date: 06/30/2025 |
| Title: Captain B767_ER | Non-Exempt | | |

### Payment Summary

| Payment Summary: | Current | YTD |
|---|---|---|
| Cash Earnings | $14,530.95 | $245,076.32 |
| Deductions | ($1,881.04) | ($39,051.87) |
| Taxes | ($4,407.48) | ($89,736.77) |
| Net Pay | $8,242.43 | $116,287.68 |

### Net Pay

| Net Pay Distribution: | | |
|---|---|---|
| SchoolsFirst Federal Cred *** | | $8,242.43 |
| Total Net Pay | | $8,242.43 |

### Company Contributions

| Description | Current | YTD |
|---|---|---|
| Company 401(k) Fixed | $2,399.76 | $39,991.37 |
| Total | $2,399.76 | $39,991.37 |

### Time-off Balances

| Time-off Description | Balance |
|---|---|

### Time-off Used

| Time-off Description | Current Used |
|---|---|

### Wage Earnings

| Description | Period | Rate | Hours | Current | YTD |
|---|---|---|---|---|---|
| CA SDI Refund | 06/16/2025 - 06/30/2025 | | | | $183.68 |
| Flight Advance/Pilot | 06/16/2025 - 06/30/2025 | | | | $14,016.24 |
| DPMA Pay Gross | | | | | $36.08 |
| DPMA Excess Gross | | | | | $184.60 |
| CA SDI Payment Taxes | | | | | $10.35 |
| Shared Rewards | 04/01/2025 04/30/2025 Monthly Incentive | | | | $100.00 |
| Shared Rewards | | | | | $375.00 |
| Profit Sharing | | | | | $29,784.09 |
| CA SDI Refund | | | | | $3,004.56 |
| Flt Pay/Pilot | | | | | $120,740.20 |
| Flight Advance/Pilot | | | | | $84,344.03 |
| Miscellaneous (non-tax) | | | | | $298.00 |
| Layover Meals | | | | | $2,595.81 |
| TAFB-Non-Layover | | | | | $21.18 |
| DPMA Pay Gross | | | | | $601.11 |
| DPMA Excess Gross | | | | | $3,076.28 |
| CA SDI Payment Taxes | | | | | $236.06 |
| Total | | | | $14,530.95 | $245,076.32 |

### Non-Wage Earnings / Imputed Income

| Description | Period | Current | YTD |
|---|---|---|---|
| CA SDI Payment | 06/16/2025 - 06/30/2025 | $281.34 | |
| Basic Life Imputed Income | 06/16/2025 - 06/30/2025 | $706.76 | |
| CA SDI Payment | | | $2,977.74 |
| NonRevenue Travel | | | $89.88 |
| Basic Life Imputed Income | | | $8,481.12 |
| Total | | $988.10 | $11,548.74 |

### Taxes

| Tax Authority | Tax Type | Status | Additional Withholding | Current Tax | Current Taxable | YTD Tax | YTD Taxable |
|---|---|---|---|---|---|---|---|
| Federal | Withholding Tax | | | $2,578.47 | $15,306.48 | $48,690.92 | $250,380.01 |
| Federal | Social Security Tax | | | | | $10,918.20 | $176,100.00 |
| Federal | Medicare Tax | | | $359.70 | $15,306.48 | $4,083.93 | $250,380.01 |
| California | Withholding Tax | Single | | $1,285.63 | $15,306.48 | $23,039.16 | $250,380.01 |
| California | Disability Tax | | | $183.68 | $15,306.48 | $3,004.56 | $250,380.01 |
| Total | | | | $4,407.48 | | $89,736.77 | |

Messages

**▲ DELTA** Delta Air Lines, Inc.
1030 Delta Blvd. Dept 982
Atlanta, GA 30354
Questions? Call Employee Service Center
1 800-693-3582

## Pay Statement

| | |
|---|---|
| Name: | WILLIAM MC MILLAN |
| Emp ID: | |
| PA / PSA: | 1067 / 0310 |
| Title: | Captain B767_ER |

| | |
|---|---|
| Base Hourly Rate: | |
| Pay Frequency: | Semi-Monthly |
| Wkly Scheduled Hrs: | |
| | Non-Exempt |

| | |
|---|---|
| Period Begin: | 06/16/2025 |
| Period End: | 06/30/2025 |
| Check Date: | 06/30/2025 |

### Deductions

| Description | Current | YTD |
|---|---|---|
| * Dental | $22.50 | $270.00 |
| * Vision | $6.39 | $76.68 |
| ROTH401 | $1,387.29 | $23,500.00 |
| ROTH401 Catchup | | $7,500.00 |
| Group Accident | $8.90 | $106.80 |
| Delta Pilots Mutual Aid | $74.82 | $1,246.79 |
| ALPA Dues | $261.15 | $4,352.02 |
| DPMA Excess | $119.99 | $1,999.58 |
| **Total** | $1,881.04 | $39,051.87 |